United States District Court
District of Massachusetts

| | )
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) Criminal No. |
| JAMES PRANGE, | ) 11-10415-NMG |
| STEVEN BERMAN, | ) |
| RICHARD KRANITZ, | ) |
| KAREN PERSON, and | ) |
| JOHN C. JORDAN, | ) |
| Defendants. | ) |
| | ) |

MEMORANDUM & ORDER

GORTON, J.

On January 11, 2012, the Grand Jury returned a 14-count superceding indictment charging, inter alia, defendants Steven Berman ("Berman"), Karen Persons ("Persons") and John Jordan ("Jordan") (collectively "the moving defendants") in three separate conspiracies to commit securities fraud, in violation of 18 U.S.C. § 1349.

I. Background

The three conspiracies charged in the superceding indictment stem from the defendants' relationship with defendant James Prange ("Prange"), who recruited them to participate in an illegal kick-back program with a hedge fund manager who turned out to be an undercover FBI agent ("undercover agent"). Prange

-1-

is charged in each of the three conspiracies: one charging Berman, Kranitz and Prange in connection with China Wi-Max, a second charging Person and Prange in connection with Small Business Co. and a third charging Jordan and Prange in connection with Vida-Life International Ltd.

Currently before the Court is Berman's motion for relief from misjoinder (Docket No. 63) in which he contends that the joinder of defendants in this case is improper under Fed. R. Crim. P. 8(b), and alternatively even if joinder is proper, that he should be granted relief from prejudicial joinder pursuant to Fed R. Crim. P. 14. Person and Jordan join in Berman's motion (Docket Nos. 65 and 66).

## II. Misjoinder Under Rule 8(b)

Under Fed. R. Crim. P. 8(b):

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

The general rule in the First Circuit "is that those indicted together are tried together to prevent inconsistent verdicts and to conserve judicial and prosecutorial resources." United States v. Soto-Beniquez, 356 F.3d 1, 29 (1st Cir. 2004). The First Circuit recognizes two requirements for proper joinder under Rule 8(b): 1) the offenses in question must constitute a series of

acts or transactions and 2) a showing that joining the defendants is of benefit to the government. United States v. Barbosa, 666 F.2d 704, 707-708 (1st Cir. 1981). For the purposes of Rule 8(b) a "series of acts of transactions" means more than just similar acts. King v. United States, 355 F.2d 700, 703 (1st Cir. 1966).

Under the first prong joinder in this case is proper because the allegations set forth in the indictment indicate that the three alleged conspiracies are sufficiently related to constitute a "series of transactions." In Barbosa the Court upheld joinder on the grounds that the transactions occurred in the same location and had overlapping members. 666 F.2d at 707. Here, the alleged transactions all took place in the same office in Massachusetts, and Prange and the undercover agent took part in each. Furthermore, this case is distinguishable from the Webb case cited by defendant because Prange's involvement rises above the level of that of a merely overlapping member of distinct conspiracies. See United States v. Webb, 827 F.Supp 840, 841 (D.Mass 1993). Instead, the indictment makes it clear that Prange is alleged to have been the initial link between each of the moving defendants and the FBI sting operation. Moreover, Prange is alleged to have derived a benefit from each of the three alleged conspiracies, in the form of ten-percent of the kick-back paid to the undercover agent. See also United States v. Fryer, 333 F.3d 110, 114 (2nd Cir. 2003) (finding that two

separate conspiracies shared a common plan where the purpose of the fraudulent schemes was to generate revenue both for those involved in only one of the conspiracies as well as the "middleman" who was involved in both).

The second prong is also clearly satisfied. Joinder will provide a substantial benefit as three separate trials would be extremely costly to both government and judicial resources. Although the superceding indictment charges each of the moving defendants in separate conspiracies with Prange, the presumptive benefit of proof of facts relevant to all of the alleged transactions clearly justifies the joinder of the defendants. See e.g. United States v. Martinez, 479 F.2d 824 (1st Cir. 1973)(two conspiracies involving drug distribution were sufficiently related for the purposes of Rule 8(b) where evidence of one of the transactions was relevant to the guilt of a common defendant in the other).

In our case, proof of the purported agreement between the undercover agent and Prange, in which Prange was to receive ten-percent of the kick-back paid to the undercover agent for those customers Prange recruited, is probative of Prange's guilt in all three of the alleged conspiracies. Similarly, evidence that is relevant to Prange's guilt as to Wire Fraud (Counts 13 and 14) related to funds he received from each of the three transactions, is probative of both Prange's guilt in each of the alleged

conspiracies as well as the moving defendant's guilt in each of their respective conspiracies because it tends to confirm the payment of the illegal kick-backs.

III. **Prejudice under Rule 14(a)**

In the alternative, Berman requests severance under Fed. R. Crim. P. Rule 14(a). Berman intends to argue in his defense that he explicitly told the cooperating witness that he would not enter into any illegal deals and simply relied on the legal advice of his counsel Krantiz. Berman asserts that his reliance on counsel's advice distinguishes his case from those against Person and Jordan and that he will be prejudiced if the jury is lead to believe that if Person or Jordan did not act in good faith that Berman likely did the same.

Under Rule 14:

> in order to overcome the presumption in favor of joinder, a defendant must demonstrate that she would suffer prejudice so pervasive that it would be likely to effect a miscarriage of justice.

United States v. Zafiro, 506 U.S. 534, 539 (1993). Here, the Court finds no such risk of prejudice that could not be addressed through the use of limiting instructions. Id.

In accordance with the foregoing, the Motion for Relief from Misjoinder is **DENIED**.

So ordered.

　　　　　　　　　　　　　　　　　/s/ Nathaniel M. Gorton
　　　　　　　　　　　　　　　　　Nathaniel M. Gorton
　　　　　　　　　　　　　　　　　United States District Judge

Dated January 8 , 2013